FINANCE CORPORATION OF NEW JERSEY, APPELLANT,
v. JOSEPH G. JONES, RESPONDENT.

Submitted November 30, 1921—Decided February 21, 1922.

- 1. Whether or not a buyer for value in the ordinary course of business of an automobile, which is in the possession of the vendor under a conditional sale agreement, is protected under section 9 of the Conditional Sales act of 1919 (*Pamph. L.*, *p.* 461), presents a question of fact for the determination of a jury.

2. A bill of sale given by a conditional vendee of an automobile to one claiming to be a purchaser for value in the ordinary course of business and protected under section 9 of chapter 210 of the laws of 1919, is admissible in evidence as relevant to the issue of whether or not the purchaser is one who purchased for value in the ordinary course of business.

3. In the absence of a statutory prohibition or limitation upon the authority of an agent of a corporation, authority may be conferred by parol, and may be inferred from circumstances or implied from the acquiescence of the corporation or its agents in a general course of business.

On appeal from the District Court of the second judicial district of the county of Morris.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Elmer W. Romine.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by the plaintiff below, the Finance Corporation of New Jersey (hereinafter called the Finance Corporation), from a judgment of the second judicial District Court of the county of Morris, rendered in favor of the defendant below. The Finance Corporation was engaged in the business of supplying funds to dealers of automobiles and taking from them for these advances bills of conditional sale. Its place of business was in Dover, Morris county. The Connolly Motor Sales Company (hereinafter called the Connolly Company) was a corporation which bought from manufacturers automobiles and sold them from its warerooms at Dover, Morristown, and other places in that vicinity. The Connolly Company were agents for the Chevrolet cars. The Finance Corporation had assisted Martin and Robert Connolly, officers of the Connolly Company, as individuals, in financing their purchases before the Connolly Company was incorporated. The officers of the Finance Corporation were in constant touch with the conduct and management of the Connolly Company. In July, 1920, the Connolly Company bought from the manufacturers five Chevrolet cars, and to pay for them the Finance Corporation advanced to the Connolly Company $2,800. The Connolly Company gave to the Finance Corporation conditional bills of sale for these cars, the possession of which was retained by the Connolly Company. The conditional bills of sale were recorded. On August 4th, 1920, Robert Connolly demonstrated to the defendant, Joseph

G. Jones, a Chevrolet car, which was one of the five cars for which the Finance Corporation held conditional bills of sale. The price of the Chevrolet car was $910, and Jones decided to purchase the car, and on August 5th paid the Connolly Company $585 in the form of a check, which was paid in due course and also delivered a used Ford car, for which the Connolly Company allowed Jones $325. The Connolly Company gave Jones a bill of sale for the Chevrolet car. The Connolly Company subsequently became financially embarrassed and the Finance Corporation instituted this replevin suit to recover possession of the car purchased by Jones. The theory of the plaintiff's case was that as the conditional bill of sale was recorded, Jones took title to the car with notice, actual or implied, of the claim of the plaintiff against the car. The defence was that the Finance Corporation expressly or impliedly consented to the Connolly Company reselling the car and the conditional agreement of sale made between them was void as against Jones, who was a purchaser for value in the ordinary course of business, and protected by section 9 of the Conditional Sales act of 1919 (*Pamph. L., p.* 461), which reads as follows:

"When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this act."

The case was tried before a jury, which rendered a verdict for the defendant, Jones. The testimony taken at the trial is before us. The evidence discloses that the relations between the Finance Corporation and the Connolly Company were close; that the transactions were numerous and somewhat involved; that the Connolly Company was in a great measure controlled by the Finance Corporation and dependent upon it

for funds to conduct its business; that the Finance Corporation knew that the cars for which it took conditional bills of sale were in the warerooms of the Connolly Company and being by them demonstrated for sale purposes and actually sold to various customers; that Jones purchased the Chevrolet car from the Connolly Company for value and in the ordinary course of business. From this evidence we think the jury justified in finding, as it must have done to render judgment for the defendant, that the Finance Corporation expressly or impliedly consented that the Connolly Company resell the Chevrolet car which Jones bought for the repayment to it of the amount mentioned in the bill of conditional sale and that Jones purchased the car for value in the ordinary course of business. From the finding of these facts it follows, under the provision of the ninth section of the Conditional Sales act above quoted, that the reservation of the property made in the bill of conditional sale of July 30th, 1920, by the Finance Corporation, was void as to Jones, notwithstanding the contract was filed in accordance with the act. We find no error in the trial court refusing to grant the plaintiff's motion to direct a verdict in its favor and of submitting the questions involved under the said ninth section of the act to the jury, under the charge which was given.

The appellant contends that the trial court erred in admitting in evidence the bill of sale delivered by the Connolly Company to Jones on August 5th, 1920, at the time of the sale of the car. The grounds of the plaintiff's objection are, first, the Connolly Company could not make a bill of sale to Jones because the Finance Corporation owned the car and still held the original bill of sale, and second, the bill of sale delivered to Jones was not witnessed by two witnesses as required by section 5 of chapter 168 of the laws of 1919. The answer to the first objection is that the bill of sale was admissible, as tending to show that Jones purchased the car in the ordinary course of business. The delivery to him of a bill of sale by the Connolly Company at the time of the transaction was

relevant and material to that issue. The answer to the second objection is that the evidence tended to show that the Connolly Company was an agent of the manufacturers of the car sold to Jones, and the bill of sale delivered to Jones was executed under the fourth section of chapter 168 of the laws of 1919 (*Pamph. L., p.* 357), which provides:

"In all sales or purchases of a motor vehicle directly from the manufacturer, or through an agent or agency of such manufacturers, there shall be issued to the purchaser the manufacturer's bill of sale, which bill of sale shall contain the manufacturer's number on the engine or motor of the motor vehicle so sold;"

and not under the fifth section of this act, which reads:

"In all other sales or purchases of motor vehicles the original bill of sale shall be assigned by the seller to the purchaser by an assignment witnessed by two persons and acknowledged by the seller before a notary public."

The next point raised by the appellant is with reference to the refusal of the trial court to exclude conversations between Martin F. Connolly, vice president of the Connolly Company, and the president, secretary-treasurer and manager of the Finance Corporation, tending to show the knowledge of the Finance Corporation that the Connolly Company was selling the cars, for which the Finance Corporation held bills of sale, and tending to show also consent on the part of the Finance Corporation to the resale of the cars. These conversations were in our opinion admissible. Whether or not the Finance Corporation expressly or impliedly consented to the resale of the cars by the Connolly Company was a question in issue. Corporations must act through their officers and agents. The officers of the Finance Corporation who made the statements were those who were actively managing and conducting its business. They had signed the instruments and agreements for the Finance Corporation made with the Connolly Company. Their authority to act for the Finance Corporation was not denied or questioned. In the absence of a statutory

prohibition or limitation upon the authority of an agent (there being none in the present case), authority may be conferred by parol, and may be inferred from circumstances or implied from the acquiescence of the corporation or its managers in a general course of business. *Crossley* v. *St. Philip Neri,* 74 *N. J. L.* 653.

The last ground of appeal argued upon the appellant's brief is that the trial judge erred in using in his charge to the jury the following language:

"That section is put in there for the protection of the general public who go into a store casually on the public street and buy merchandise. They cannot be expected to go to the county clerk's office and look up the records and see if there is a conditional sale or mortgage on the goods. They get a good title, notwithstanding there is any such paper, any such conditional sale or mortgage on record, because it is from a stock of merchandise on hand and they cannot be expected to look up the record."

These comments were made with reference to the ninth section of the act hereinbefore set forth at length. There is no misstatement of any legal proposition in this excerpt from the charge. It was mainly a comment as to the reasons for the enactment of the ninth section. A trial judge has the right to make such comments in his charge as he may think necessary or proper, so long as he permits the jury to determine the facts and the conclusions to be drawn therefrom. *Foley* v. *Longhran,* 60 *N. J. L.* 464; *Merklinger* v. *Lambert,* 76 *Id.* 806.

This view applies also to the other portions of the charge to which the appellant takes exception. We find no error in the portions of the charge of which the appellant complains.

The judgment is affirmed, with costs.